Argued and submitted August 21,
reversed with instructions December 30, 1981

In the Matter of the Marriage of

CROSS,
*Appellant,*
*and*
CROSS,
*Respondent.*

(No. D7602-02056, CA A20248)

637 P2d 1386

Bill Bailey, Portland, argued the cause for appellant. With him on the brief was Tamblyn & Miller, Portland.

Betty Shadoan, Certified Law Student, Portland, argued the cause for respondent. On the brief was Kathleen Herron, Portland.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

## YOUNG, J.

Husband appeals from an order amending a decree of dissolution. The amendment was based on a finding that the provisions of the decree relating to spousal support were ambiguous. We review *de novo.* ORS 19.125(3).

The decree approved and incorporated a property settlement agreement. Wife was awarded the residence subject to indebtedness.[1] The language of the decree and the property settlement agreement were identical with respect to the time spousal support was to terminate. The decree, in relevant part, provided:

> "Payment shall continue until the death of petitioner [husband] or respondent [wife], remarriage of respondent, the sale of the residence at * * * Gresham, Oregon, or when respondent ceases to use such residence as her place of abode, or *until the said residence property is paid for in full in December, 1985,* whichever shall first occur." (Emphasis added.)

The emphasized language precipitated this proceeding.

The residence was paid for in 1979. In November, 1980, husband moved to terminate the support obligation on the ground that the residence "had been paid for in full." Wife filed appearances in opposition, and a hearing was held in January, 1981.[2] Essentially, wife raised a question of construction and interpretation of the language of the agreement and the decree and also sought an award of permanent support in a reduced amount.

The trial judge found that the language of the decree was confusing and not subject to a sensible construction if termination of the support "was based solely on the

---

[1] The parties married in 1941. The marriage was dissolved in 1976; both parties were represented by counsel. At the time of the dissolution, both were 54 years old.

[2] Wife filed three separate appearances. First, she alleged in her affidavit in support of her motion to modify that it was her intention and understanding that the property settlement agreement would provide her with monthly support until 1985, at which time her husband would retire and she would receive social security benefits. She offered to reduce the monthly support by $114, the amount of the house payment, leaving $336. Her second appearance was a motion to expedite the hearing by reason of her need and dependency upon the support. Her last appearance was a motion to modify the decree, seeking permanent support of $400 per month.

property and not the question of social security." On the basis of that, the court ruled, as a matter of law, that the relevant language was ambiguous and ordered that the decree be amended to read as follows:

> "Payment shall continue until the death of the petitioner or respondent, remarriage of respondent, the sale of the residence at * * * Gresham, Oregon, or when respondent ceases to use such residence as her place of abode, (or until petitioner retires) or until December, 1985, whichever shall first occur."[3]

Husband contends that it was error to deny his motion to terminate support. We understand his argument to be that, even though the court has the power to interpret ambiguous language, it is not empowered to rewrite the decree either by including or excluding something that was not intended. Husband does not concede that the language was ambiguous.

■ If a judgment is unambiguous, there is no room for construction. If a judgment is ambiguous, i.e., the expression can be reasonably interpreted in two ways, then the objective is to ascertain the intention of the court entering the decree. *Bennett v. Bennett,* 208 Or 524, 302 P2d 1019 (1956).

We agree with the trial court that the decree, as originally worded, was ambiguous. The subsequent mortgage satisfaction in 1979 illustrated that the expression "until the said residence property is paid for in full in December, 1985," was susceptible to more than one interpretation. We cannot agree, however, with the trial court's addition of the clause "or until petitioner retires." That serves to modify the decree rather than merely to interpret it.

■ While a decree is subject to the same canons of construction as other legal documents, it is the court's responsibility to construe the judgment so as to give effect to the intention of the trial court, not to that of the parties. *Bennett v. Bennett, supra; Gila Valley Irrigation District v.*

---

[3] On the basis of wife's last motion to modify, wherein she agreed to a reduction of support, the court also ordered the monthly support obligation reduced to $400, and provided that the amendments were not based upon a substantial change of circumstances.

U.S., 118 F2d 507, 510-11 (9th Cir 1941), Freeman, *Law of Judgments,* § 76 (1925). In *Bennett,* the court stated that "in interpreting a judgment, the judgment as a whole must be considered." 208 Or at 529. The court also cited with approval 49 CJS 867-68, *Judgments,* § 436(b) (1947):

> "If however, the judgment is ambiguous or obscure, or a satisfactory interpretation cannot be determined from the judgment itself, the entire judgment roll or record may be looked to, examined and considered for the purposes of interpreting the judgment and determining its operation and effect."

■      The determinative factor in construing the decree, therefore, is the intention of the court as gathered from all parts of the judgment. In examining the facts and circumstances before the judge who entered the decree, we agree with wife's construction. At the time of the dissolution, the parties had been married for 35 years. The wife was 54 years old and suffered from serious medical problems. In these circumstances, it is unlikely that a judge concerned with meeting the financial needs of the wife would intend to provide spousal support for only three years. The other events mentioned in the clause that would work a termination of support would either reduce or eliminate the need for spousal support.[4] December, 1985, marks the beginning of the wife's eligibility for social security benefits, if the husband chooses to retire. Consequently, the words "until the said residence is paid off" appear to be superfluous. This construction renders the decree more reasonable, effective and conclusive and makes the judgment harmonious with the facts and law of the case.

Reversed with instructions to amend the decree by causing the clause in issue to read:

> Payments shall continue until the death of petitioner or respondent, remarriage of respondent, the sale of the residence at Rt. 4, Box 1970, Gresham, Oregon, or when respondent ceases to use such residence as her place of abode, or until December, 1985, whichever shall first occur.

No costs to either party.

---

[4] Satisfaction of the mortgage also reduced the need for support. However, the house payment was only $114, while the original spousal support was $450, and that reduction would not, in itself, justify total termination of support.