Argued and submitted February 2, affirmed on appeal; reversed and remanded with instructions on cross-appeal July 22, reconsideration denied August 28, petition for review denied September 15, 1987 (304 Or 150)

SCHWAB,
nka Costain,
*Appellant - Cross-Respondent,*

*v.*

SCHWAB,
*Respondent - Cross-Appellant.*

(A8408-04806; CA A39210)

739 P2d 1065

Thomas J. Flaherty, Portland, argued the cause and filed the brief for appellant - cross-respondent.

Graham Walker, Portland, argued the cause for respondent - cross-appellant. With him on the brief was Ronald G. Talney, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

### YOUNG, J.

In this action to partition real property, plaintiff appeals and defendant cross-appeals from a judgment which says, in part:

"1. Title to the property * * * was since the date of the divorce of the parties * * * and still is and shall be held by the parties herein as tenants-in-common.

"2. When the property is sold, the proceeds therefrom shall be divided equally between the parties herein."

The dispositive issue is whether the trial court correctly held that a dissolution judgment had created a tenancy in common. We reverse.

In 1981, plaintiff filed a petition for dissolution of her marriage to defendant. She used a "do-it-yourself" divorce kit. Defendant was served, but he did not appear. The dissolution judgment is a printed form with several paragraphs captioned "IT IS FURTHER, ORDERED, ADJUDGED AND DECREED." Two of those paragraphs deal with the marital home, the property in dispute. The first paragraph provides that "[defendant] will retain and own: 36 NE 198th, Portland, Oregon, Dellrose Plot [sic] 22 Block 5." The second paragraph provides: "the real property commonly known as 36 NE 198th, Portland, Oregon * * * be distributed as follows: when said property is sold, that half of the assets would go to [plaintiff]." After the dissolution, defendant remained in sole possession of the home. Plaintiff testified that she did not contribute to the mortgage payments, taxes, maintenance expense or insurance after the dissolution.

In 1984, plaintiff filed this action. The trial court ruled that the dissolution judgment was ambiguous, because it could be construed either to create a tenancy in common or to award defendant the property and to grant plaintiff a judgment lien. The trial court concluded:

"I think it would be more equitable to say that a co-tenancy did arise * * *; however, I think that [plaintiff] has limited her right to partition at this time by virtue of the fact there is no indication whatsoever — at least I'm not convinced — it was to be sold at any particular time."

Plaintiff objects to the trial court's refusal to order partition; defendant argues that the trial court erred in holding that the

dissolution judgment by its terms created a tenancy in common.

In Oregon, partition of real property is governed by statute. Under ORS 105.205, only a tenant in common can institute a partition action:

"When *several persons hold real property as tenants in common,* * * * any one or more of them may maintain a suit for the partition of the real property * * *."

*See Ukase Inv. Co. v. Smith,* 92 Or 337, 340, 181 P 7 (1919). If plaintiff is not a tenant in common, she is not entitled to partition. Whether she is a tenant in common depends on the provisions of the dissolution judgment.

In *Cross and Cross,* 55 Or App 422, 425, 637 P2d 1386 (1981), we stated the relevant rule for construing a judgment:

"If a judgment is unambiguous, there is no room for construction. If a judgment is ambiguous, i.e., the expression can be reasonably interpreted in two ways, then the objective is to ascertain the intention of the court entering the decree. *Bennett v. Bennett,* 208 Or 524, 302 P2d 1019 (1956)."

We do not agree with the trial court that the dissolution judgment here is ambiguous. Although it is not clear what kind of interest the dissolution court intended to award plaintiff in the *proceeds* of the sale, the fact that she has some undefined interest in those proceeds, should defendant decide to sell the property, does not render the decree's disposition of the real property subject to more than one interpretation. The decree unambiguously awarded defendant title to the property. Because plaintiff is not a tenant in common, she is not entitled to a partition.

Affirmed on appeal; reversed on cross-appeal and remanded with instructions to enter a judgment for defendant.