Argued and submitted December 19, 1989, reversed and remanded March 14, 1990

**HEATHMAN,**
*Appellant,*

*v.*

**HEATHMAN,**
*Respondent.*

(A8812-07108; CA A60454)

788 P2d 475

Irving W. Potter, Portland, argued the cause for appellant. On the brief were Leslie M. Roberts and Josselson, Potter & Roberts, Portland.

No appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff (husband) appeals from the judgment dismissing his complaint on the ground that the court lacked personal jurisdiction over defendant (wife). ORCP 21A(2). We reverse.

The parties' marriage was dissolved in Multnomah County in 1983. The decree of dissolution incorporated their property settlement agreement. A dispute later arose about the interpretation of the agreement, and wife, who had moved to Florida, brought an action against husband in Multnomah County. *See Heathman and Heathman,* 94 Or App 223, 764 P2d 966 (1988). The trial court held that husband owed wife $18,846.50. Husband appealed. During the pendency of the appeal, wife allegedly agreed to accept $7,500 in settlement of the dispute. Husband sent wife a promissory note in that amount. When wife refused to execute a satisfaction of judgment, ORS 18.350(3), husband brought this action for a declaratory judgment in Multnomah County. The court held that it lacked personal jurisdiction over wife, a Florida resident.

Husband concedes that none of the specific provisions for jurisdiction over a nonresident defendant in subsections B through K of ORCP 4 apply. He relies on the general provision, ORCP 4L, which extends jurisdiction

> "in any action where prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States."

In deciding whether an exercise of jurisdiction is constitutional, we consider these factors:

> "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. Second, the cause of action must arise from the consequences in the forum state of the defendant's activities. Finally, the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *State ex rel White Lbr. v. Sulmonetti,* 252 Or 121, 127, 448 P2d 571 (1968). (Citation omitted.)

*See also Burger King Corp. v. Rudzewicz,* 471 US 462, 105 S Ct 2174, 85 L Ed 2d 528 (1985).

Wife purposefully availed herself of the privilege of acting in Oregon when she sued in Oregon to enforce the property settlement agreement. *See O'Connor and Lerner,* 70 Or App 658, 663, 690 P2d 1095 (1984). The present action arises out of that action, because husband now seeks a declaration that he and wife had settled it. *See State ex rel Michelin v. Wells,* 294 Or 296, 302, 657 P2d 207 (1982). Finally, the exercise of jurisdiction over her is reasonable. *See Burger King Corp. v. Rudzewicz, supra,* 471 US at 476-78. Oregon has an interest in adjudicating the case, because it calls for a determination of the efficacy of an Oregon judgment. *Compare North Pacific v. Guarisco,* 293 Or 341, 355, 647 P2d 920 (1982). Moreover, it would not be reasonable to require husband to go to Florida to adjudicate whether he and wife had settled an Oregon action that wife had brought.

Reversed and remanded.