Argued and submitted November 13, 1989, reversed March 14, 1990

In the Matter of the Marriage of

TRICKEL,
*Respondent,*
*and*

TRICKEL,
*Appellant.*

(84-93; CA A60398)

788 P2d 489

Paul L. Breed, Portland, argued the cause and filed the brief for appellant.

Gregory L. Baxter, Baker, argued the cause for respondent. On the brief were Floyd Vaughn and Silven, Schmits & Vaughn, Baker.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Husband appeals from a post-dissolution order amending a dissolution judgment. He argues that the order was an improper modification of the judgment. We reverse.

In 1985, the dissolution judgment awarded wife the "remaining two (2) payments due Respondent under that certain agreement of sale of capital stock * * *" and directed an escrow agent, on receipt of the payments, to make payment to wife. No payments were made thereafter. In 1986, husband and his co-vendors filed an action against the purchasers of the stock, alleging that they were owed the unpaid balance. A default judgment was entered. In 1988, the purchasers transferred real property to husband and the other vendors in satisfaction of the judgment. The other vendors refused to acknowledge that wife owned husband's interest in the real property as a result of the dissolution judgment. Wife then filed a motion to correct the dissolution judgment to provide for an award to her of husband's interest in the real property that had been transferred to satisfy the judgment. The trial court granted wife's motion, relying on its inherent power to correct or set aside a judgment. ORCP 71C.[1] *See also Morphet v. Morphet,* 263 Or 311, 502 P2d 255 (1972). It found that the 1985 judgment

> "was drawn in error in that [wife] was intended to have the entire ownership interest in the capital stock of the Pak Rat Mining Company, being 16.5 shares, and not just the remaining two payments under a contract of sale of said stock which were never made."

Husband argues that the court lacked authority to make the modification, because the change sought by wife was not a technical amendment, nor was the situation one in which extraordinary circumstances were present. *See Condliff v. Priest,* 82 Or App 115, 118, 727 P2d 175 (1986). Wife responds that the court had authority to make the amendment, because the dissolution judgment was ambiguous or

---

[1] ORCP 71C provides: .

"Relief from judgment by other means. This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, or the power of a court to grant relief to a defendant under Rule 7D(6)(f), or the power of a court to set aside a judgment for fraud upon the court."

because of the general authority granted by ORCP 71C. *See Cross and Cross,* 55 Or App 422, 637 P2d 1386 (1981).

■ ■ The dissolution judgment was not ambiguous. The award to wife of the "remaining two (2) payments due respondent under that agreement of sale of capital stock" is not subject to being reasonably interpreted in different ways. *See Schwab v. Schwab,* 86 Or App 461, 464, 739 P2d 1065, *rev den* 304 Or 150 (1987). It clearly awards only the remaining two payments. Secondly, under ORCP 71C, the trial court cannot amend a dissolution judgment by awarding real property not owned by either party at the time of the dissolution judgment. The amendment was not a technical amendment to correct an error made by the court, and it did not arise from "extraordinary circumstances," as contemplated by the rule. *See Renninger and Renninger,* 82 Or App 706, 711, 730 P2d 37 (1986). The trial court erred.

Reversed. No costs to either party.