Argued and submitted September 23, 2004, reversed and remanded
January 12, 2005

In the Matter of the Marriage of

Randy VAN HORN,
*Respondent,*
*and*

Gloria Jean VAN HORN,
nka Gloria Jean Giumarra,
*Appellant.*

99DM0297; A122257

104 P3d 642

Jonathan M. Radmacher argued the cause for appellant. With him on the briefs was McEwen Gisvold, LLP.

Jesse C. Margolis argued the cause for respondent. With him on the brief was Olin & Margolis, Attorneys at Law, P.C.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

LINDER, J.

## LINDER, J.

Wife appeals an order amending a dissolution judgment to include a supplemental money judgment with statutory interest. On appeal, the issue is whether the trial court erred in ordering that the statutory interest run from the date of the original dissolution judgment instead of from the date of the entry of the order amending the judgment. We reverse and remand.

The issue is legal in nature, and the facts pertinent to it are procedural. The parties' marriage was dissolved in 2000. The main asset of the marriage was real property located in Brookings on which a house was being constructed. At the time of the dissolution, the Brookings property was also the subject of an action involving an easement dispute with the neighboring property owners. The same trial judge who presided over the easement action presided over the parties' dissolution proceeding.

By the time the court was ready to render judgment in the dissolution proceeding, the easement action had been resolved at the trial level in favor of the neighbors, with an injunction ordering wife to move the house. That fact created a dilemma for the dissolution court as to how to assess the parties' equity in the property. The dissolution court determined that, in terms of the property's then-current value, the equity was $251,000. The dissolution court also determined that the equity should be divided equally between the parties, with husband receiving an equalizing judgment for his half. But, as the dissolution court further recognized, the $251,000 equity in the property and the appropriate amount of the equalizing judgment for husband would be affected by the outcome of the easement litigation, which by then had not been concluded.

In particular, in its letter opinion, the dissolution court explained that "the cost of moving the house would equal or exceed the present equity of $251,000" and that the "severe remedy" ordered by the court in the easement action likely would be appealed or be the subject of a settlement. The dissolution court therefore declared that it would retain jurisdiction over the Brookings property so that it could

adjust the value of the equity if necessary based on the final outcome of the easement litigation; it would then enter an equalizing judgment in husband's favor if there was a positive equity in the property to be divided between the parties. The letter opinion expressly stated that, because of the uncertainty as to the final amount of equity in the property to be divided, "no monetary judgment will be entered in this case."

Consistently with the letter opinion, the dissolution judgment provided:

> "Equity in the real property is set at $251,000, but that amount will be reduced by any amount [wife] pays to the Olsons to settle the *Olson* suit or any amount [wife] pays to move the house pursuant to court order. The Petitioner herein, [husband], shall be entitled to an equalization judgment for one-half the equity in the real property. *Any* equalization judgment in favor of [husband] will be for a period of five (5) years with statutory interest thereon. Payments on the judgment would be on an annual basis.

> "This Court shall retain jurisdiction over the Brookings property to effect an equitable distribution of the parties' assets."

(Emphasis added.) The dissolution judgment concluded with a summary of any money judgment rendered, as required by *former* ORCP 70 A.[1] That summary stated, in part:

> "5. Judgment Amount: The court has retained jurisdiction in the real property division in this case and this judgment *may be amended to reflect any money judgment awarded.*

> "6. Interest owed to date of Judgment: None

> "7. Rate of Interest on unpaid Judgment: 9% simple interest

> "8. Balance on which interest accrues: Unpaid balance

---

[1] *Former* ORCP 70 A(2)(a) (1999), *repealed by* Or Laws 2003, ch 576, § 580, set forth the procedural requirements for a valid money judgment, which are "judgments that require the payment of money, including judgments for the payment of costs[.]" As pertinent here, a money judgment must include "[p]ost-judgment interest accrual information, including the rate or rates of interest, the balance or balances upon which interest accrues, the date or dates from which interest at each rate on each balance runs, and whether interest is simple or compounded and, if compounded, at what intervals." *Former* ORCP 70 A(2)(a)(vi).

"9. Date from which interest runs: *Entry of money judgment*

"10. Terms of judgment: Payable in annual installments within five (5) years from date of entry of money judgment."

(Emphasis added.) The dissolution judgment was signed on July 31, 2000, and entered on August 21, 2000.

Wife appealed the dissolution judgment, challenging, among other things, the trial court's reservation of jurisdiction to modify the property division if she did not prevail in the separate easement action. *See Van Horn and Van Horn,* 185 Or App 88, 95 n 4, 57 P3d 921 (2002), *rev den,* 335 Or 267 (2003). Wife also appealed the judgment in the separate easement action. While the appeal in the dissolution case remained pending, we resolved the easement appeal in wife's favor by concluding that she was not required to move her house on the Brookings property. *Olson v. Van Horn,* 182 Or App 264, 48 P3d 860, *rev den,* 334 Or 631 (2002). That resolution mooted wife's challenge to the dissolution court's reservation of jurisdiction to modify the amount of the equalizing judgment; we therefore affirmed the dissolution judgment on appeal without addressing that issue. *Van Horn,* 185 Or App at 95 n 4. Thus, the value of the equity in the property remained as determined in the original dissolution judgment—*i.e.,* $251,000—to be divided equally between the parties.

Husband responded to those events by filing a motion to amend the dissolution judgment, asking the court "to find that the equity in the real property * * * remains at $251,000." Husband also asked "for a supplemental money judgment in favor of [husband] in the amount of $125,500" with statutory interest to accrue from July 31, 2000, the date of the original dissolution judgment. Wife objected to the July 31, 2000, date, and the parties debated whether interest properly should accrue based on the original dissolution judgment or on the order amending the dissolution judgment. The dissolution court agreed with husband. The court therefore ordered that the dissolution judgment be amended to provide for an equalizing judgment in the amount of $125,500 with statutory interest to accrue from July 31,

2000, on the unpaid balance and the first of five annual installments to be due no later than June 30, 2004.

On appeal, the parties renew the arguments that they made to the dissolution court. Wife argues that the court lacked authority to "backdate" the interest to the date of the original dissolution judgment because there was no money judgment until July 28, 2003, when the supplemental judgment was entered.[2] Husband responds that the court did not backdate the interest. Rather, according to husband, the original dissolution judgment contained a money judgment and the dissolution court merely took a "wait and see" approach by which it retained jurisdiction to alter the amount of the originally imposed money judgment.[3] The crux of the parties' disagreement thus boils down to their differing views of the terms of the original dissolution judgment and the effect of the order amending it.

We agree that wife's view is the accurate one. A "money judgment," by definition, is a "judgment[ ] that require[s] the payment of money[.] *Former* ORCP 70 A(2)(a). That judgment must include "[t]he amount of the judgment." *Former* ORCP 70 A(2)(a)(iv). The original dissolution judgment determined the amount of equity in the property, setting it at $251,000. That judgment further declared that the equity would be reduced based on the cost to wife of settling the easement litigation or moving the house as ordered by the injunction. Consistently with those provisions, the dissolution judgment announced that husband "shall be" entitled to an equalization judgment and identified some of the terms that would apply (*i.e.*, annual payments over a five-year period) to "[a]ny equalization judgment" that would eventually be awarded.

But the original dissolution judgment did not itself award a monetary judgment in favor of husband. That is so

---

[2] Wife alternatively argues, as she did below, that, even if interest should be based on the date of the original dissolution judgment, the proper date for that interest would be the date of entry (*i.e.*, August 21, 2000) not the date on which the judgment was signed (July 31, 2000). Given our resolution of the issue, we need not address that alternative argument.

[3] Husband also argues that wife's arguments are unpreserved and barred by "law of the case." Neither argument has merit, and we do not discuss them further.

because, by its terms, the dissolution judgment as originally rendered neither required the payment of money nor included an amount to be paid. Rather, it expressly provided for a later award of a money judgment by stating, under "Judgment Amount," that "this judgment *may be amended* to reflect *any* money judgment awarded." (Emphasis added.) Also, the original dissolution judgment expressly provided that the date on which interest would run on the money judgment would be on "[e]ntry of money judgment." Those terms were consistent with the court's letter opinion, which declared that "no monetary judgment will be entered in this case" and that, instead, the court would later amend the dissolution judgment to provide for "any equalizing judgment" once the costs to wife as a result of the easement litigation were known and could be accounted for in that equalizing judgment. Thus, the original dissolution judgment did no more than anticipate the possible rendering of a supplemental money judgment in the future.

Under ORS 82.010(2)(a), "[i]nterest on a judgment * * * accrues from the date of the entry of the judgment unless the judgment specifies another date." In this case, the terms of the original dissolution judgment specified that interest accrues on "entry of a money judgment." A money judgment was not entered until the court entered its order amending the original dissolution judgment by providing for a supplemental money judgment, as husband's motion requested. That is the first and only money judgment entered in this case. Consequently, the trial court erred in ordering interest to run from July 31, 2000, instead of from July 28, 2003, when the supplemental judgment was entered. We remand for the trial court to correct the date accordingly.

Reversed and remanded.