AOYAGI, J.
*511 Wife obtained a dissolution judgment against husband by default in 2009. The dissolution judgment includes a provision that, according to wife, required husband to pay her $200,000 upon his taking title to certain real property. In 2015, after husband had *473 taken title to the property, wife filed a motion requesting entry of a supplemental judgment with a $200,000 money award. Husband opposed the motion. Following a hearing, the trial court entered a supplemental judgment in which it ruled, as a matter of law, that wife was not entitled to a money award under the dissolution judgment. The supplemental judgment also provided that wife was "precluded from pursuing further relief to modify or clarify the Dissolution Judgment." On wife's appeal from the supplemental judgment, we reverse and remand.
The relevant facts are minimal and undisputed.[1] Husband and wife were married for almost 20 years and have two children. For the latter part of their marriage, they lived in Sisters on property owned by husband's father, identified as the "ranch property." In 2009, wife filed for divorce and ultimately obtained a judgment by default. Wife filed the proposed form of judgment, using a preprinted form. The trial court entered the judgment on February 9, 2009.
Section 10 of the dissolution judgment, "Real Property Distribution," states that wife has "an interest in real property located at" the address of the ranch property and that said property "shall be distributed" as provided in Exhibit 2, a typewritten attachment signed by wife. Exhibit 2 provides:
"[Wife] and [husband] were married July 27, 1991. We were buying a house and property. We sold the property to move to the family ranch. This is to be inherited by [husband] and his brother Shawn Hurtley. [Husband's] parents Dave and Judy Hurtley got a divorce in April of 1997. Stated in their divorce decree [husband] and Shawn would inherit the home place located * * * in Sisters Or. Dave Hurtley has possession of the property until he dies or he can sell the property for fair market value and split the money between *512 the 2 boys after [debts] are paid. Dave Hurtley has filed a Measure 37 claim on the 30 acre property. If the claim passes [husband] will receive a 5 acre piece with a home and barns etc. I am asking for the sum of $200,000.00. I gave up our home to move to the family ranch. Now we are not going to be married anymore I would still like the chance to maintain the kind of life style that I and our children have known."
(Emphasis added.) Section 18 of the dissolution judgment included a place for a money award related to property division, which was left blank. According to wife, it was left blank because she was not entitled to any money at that time, but rather would only be entitled to money when the contingency was met.
In August 2015, wife filed a motion to show cause, seeking entry of a money award based on the satisfaction of the contingency in the dissolution judgment.[2] She filed an affidavit in support of her motion with an attached copy of a recorded 2012 deed by which husband's father had transferred title to the ranch property to husband. Wife requested that the court enter a money award in her favor in the amount of $200,000. Husband opposed wife's motion.[3] Husband argued that the dissolution judgment did not contain a contingent money award to wife or, alternatively, that such an award would have been improper because the court "lacked subject matter jurisdiction" over the ranch property.[4]
*513 Husband did not offer *474 any evidence opposing wife's affidavit. Wife defended the dissolution judgment, including arguing that the award was proper because husband's interest in the ranch property had vested before 2009.
Following a hearing, the trial court ruled orally in husband's favor. Recognizing it as an "unusual matter," the court explained its reasoning:
"After considering the matter, my review of Exhibit 2 has convinced me that as a matter of law no property award or money award was issued at all by the 2009 Judgment. The nature of the hearing today was Respondent's Motion to Dismiss Petitioner's Motion for Entry of Supplemental Judgment for Money Award, and it was Petitioner's request that a supplemental judgment in the amount of $200,000 be issued by the Court, representing a money award that was presumably awarded as part of the 2009 General Judgment of Dissolution.
"Nothing in the language of attached Exhibit 2, in the Court's opinion, created such a money award, and certainly there is no conforming money award that was included or issued at the time of the General Judgment nearly six years ago.
"* * * * *
"So in sum, my view of the 2009 General Judgment is that it granted dissolution; it did not effectively distribute any real property. There was no interest in real property that Petitioner had. There was arguably a vested interest that was contingent and future that Husband had, but none of that operated to effectively create a money award or disposition of a property interest."
The trial court entered a supplemental judgment in which it concluded, "as a matter of law," that the dissolution judgment "did not effectively distribute any real property," "did not create a money award," and "did not dispose of [any] property interest relating to the property described in Exhibit 2 of the Dissolution Judgment." The supplemental judgment also ordered that wife is "precluded from pursuing further relief to modify or clarify the Dissolution Judgment *514 as it pertains to the property described in Exhibit 2 of the Dissolution Judgment or any claims arising therefrom." Wife appeals the supplemental judgment. In her first assignment of error, wife challenges the trial court's denial of her request for a money award in the amount of $200,000, and, in her second assignment of error, she challenges the portion of the judgment precluding her from seeking to modify or clarify the dissolution judgment.
Because the issues in this case are legal in nature, our review is for legal error. Van Horn and Van Horn , 197 Or. App. 52, 54, 104 P.3d 642 (2005). Based on the trial court's stated reasoning and the content of the supplemental judgment, we understand the trial court to have agreed with husband that the court in 2009 did not intend to award wife $200,000 contingent on husband taking title to the ranch property. That is, we understand the trial court to have done what it said it did-interpret the dissolution judgment "as a matter of law"-and to have concluded that the dissolution judgment did not contain the award asserted by wife. Wife contends that the trial court erred, as a matter of law, in interpreting the dissolution judgment as it did. We agree.
In interpreting the dissolution judgment, we seek to give effect to the intent of the trial court when it entered it. Neal and Neal , 181 Or. App. 361, 366, 45 P.3d 1011 (2002). The text is typically the best indication of intent. See Gram and Gram , 271 Or. App. 528, 536, 351 P.3d 771 (2015) (interpreting judgment based on text). Here, in the dissolution proceedings, wife asserted an interest in the ranch property and requested that she receive $200,000 in connection with husband receiving title to the property or the proceeds of its sale. By entering the dissolution *475 judgment, the court granted her request. Cf. Van Horn , 197 Or. App. at 54-55, 104 P.3d 642 (making contingent money award to either spouse depending on outcome of certain litigation). The dissolution judgment states that wife has an interest in the ranch property, and it provides for that property to be distributed according to "attached Exhibit 2." Exhibit 2 states that husband will receive half of the ranch property or half of the proceeds of its sale under the terms of husband's parents' divorce decree and requests that wife receive $200,000 for her interest. *515 In denying wife's motion, the trial court effectively treated wife's request for $200,000 in Exhibit 2 as meaningless, even though wife's request was granted by the dissolution judgment. The court's interpretation of the dissolution judgment therefore contradicts the plain language of the judgment, as well as fails to give effect to the entire instrument. See ORS 42.230 (the court must construe an instrument to give effect to all of its terms if possible); see also ORS 42.270 (written words control printed forms). The dissolution judgment, which was proposed by an unrepresented party and unopposed, could have been written more precisely. For example, it could have listed a contingent money award in the money award section of the form. See Van Horn , 197 Or. App. at 57-58, 104 P.3d 642 (providing for contingent money award in money award section, but recognizing that actual money award did not exist until contingency was met and trial court entered supplemental judgment). Imperfections, however, do not relieve the court of the obligation to enforce the dissolution judgment that was entered. Nor did the failure to complete the money award section in the dissolution judgment invalidate the award. See ORS 18.042(1) ("Any judgment in a civil action that includes a money award, but does not contain a separate section clearly labeled as a money award, does not create a judgment lien but may be enforced by any other judgment remedy.").
In sum, we conclude that the trial court erred when it adopted husband's interpretation of the dissolution judgment and, consequently, denied wife's request for a supplemental judgment with money award.[5] We therefore reverse the supplemental judgment as erroneous based on the first assignment of error. As a result, we need not reach the second assignment of error, regarding the portion of the *516 supplemental judgment that precludes wife from seeking to "modify or clarify" the dissolution judgment.
Reversed and remanded.

As wife recognizes, this case presents "questions of law and not questions of fact." We therefore reject wife's request for de novo review as inapt, see ORS 19.415(3)(b) ; ORAP 5.40(8), and review only for errors of law.

Five months earlier, wife had sought similar relief in a "motion for entry of money award and/or clarification of general judgment of dissolution." The court entered a supplemental judgment by default on that motion, granting the requested money award, but later set it aside based on a service error.

The document that husband filed in response to wife's motion to show cause was titled "OCRP 21 motion to dismiss." We look to the substance of his filing, however, which was opposition to wife's motion. Simpkins v. Connor , 210 Or. App. 224, 228, 150 P.3d 417 (2006) ("A motion is controlled by its substance, not its caption."); see also ORCP 21 (providing mechanism for dismissal of "a claim for relief" in a "pleading, whether a complaint, counterclaim, cross-claim or third party claim").

We observe that husband's "subject matter jurisdiction" argument was, essentially, a collateral attack on the dissolution judgment, not a jurisdictional argument. "When a plaintiff seeks to enforce a valid judgment, the defendant may not collaterally attack the judgment as being erroneously issued." State ex rel English v. Multnomah County , 348 Or. 417, 432, 238 P.3d 980 (2010) ; see also Denkers v. Durham Leasing Co. , 299 Or. 544, 548 n. 4, 704 P.2d 114 (1985) (a judgment entered after an order of default is valid and enforceable like any other judgment of the court). Given its disposition, we understand the trial court to have implicitly rejected husband's argument collaterally attacking the dissolution judgment and to have decided the matter solely based on its interpretation of the dissolution judgment.

We note that, in addition to his other arguments, husband asserted without elaboration in the trial court that wife had not established that "the contingencies outlined [in the dissolution judgment] had actually occurred." In support of her motion, wife filed an affidavit that attached a 2012 deed by which husband's father transferred title to the ranch property to husband. In response, husband offered no contrary evidence, did not deny holding title to the ranch, and did not identify any shortcoming in wife's evidence. If there were a dispute of fact regarding the satisfaction of the contingency, we would remand for the trial court to resolve that factual dispute. Because there is no such fact dispute-only a dispute about the legal interpretation of the judgment-we need not do so.