394 June 26, 2024 No. 424

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Samantha Kay DANIEL-ELLIOTT,
*Petitioner-Appellant,*
*and*

Westin John DANIEL,
*Respondent-Respondent.*

Lane County Circuit Court
21DR17499; A180631

Kamala H. Shugar, Judge.

Argued and submitted March 6, 2024.

George W. Kelly argued the cause and filed the briefs for appellant.

Lauren Saucy argued the cause and filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Reversed and remanded.

**JOYCE, J.**

In this dissolution case, wife appeals from a supplemental judgment granting husband a $91,662.78 money award. Wife asserts that the trial court erred in granting husband the money award because the court's decision modified the property division set out in the original dissolution judgment, and the trial court lacked authority to do so. We agree and reverse.[1]

The court entered the judgment dissolving the marriage on June 9, 2022. As relevant to this appeal, that judgment awarded the marital residence to wife but required her to refinance the loan on the home to remove husband from the existing mortgage obligation; the judgment also determined how the parties were to divide the net equity in the house and explained that the costs associated with completing the refinance were to be split evenly between the parties. Because the provision is central to the question on appeal, we set out the relevant portions:

"11.   REAL PROPERTY DIVISION. Wife is awarded the marital residence *** (hereinafter 'residence'), free and clear of any interest of Husband. *** The following terms and conditions set forth Husband's share of the equity in the residence:

"11.1.   Refinance. Wife shall refinance the residence to remove Husband from the existing mortgage obligation and pay Husband his equity interest. On or before close of escrow of Wife's refinance, Wife shall pay Husband his share of the remaining net equity, subject to paragraph 11.6.

"11.2.   Value of Residence. The value of the residence shall be determined pursuant to the terms of this provision. Each party shall select a licensed appraiser *** to conduct an independent appraisal of the residence for purposes of determining value. *** If the appraised values set forth by the designated appraisers are different, value of the property shall be determined by equally splitting the difference of the appraised values. ***

---

[1] Our disposition as to the first assignment of error obviates the need to address wife's second assignment of error.

"11.3.   Mortgage. The Oregon Community Credit Union mortgage balance as of August 9, 2021, in the amount of $161,513.24, shall be used in determining the total net equity of the residence.

"11.4.   Wife's Premarital Equity. Wife is awarded $152,661.19 as her separate property from the total net equity, which represents Wife's premarital interest in the residence as of June 2015.

"11.5.   Division of Net Equity. After reducing the total net equity by Wife's premarital share, and except as otherwise set forth in paragraph 11.6, Wife shall pay Husband an amount equal to 50% of the remaining net equity. Wife is awarded the remainder.

"11.6.   Costs for Refinance. The parties shall equally be responsible for the necessary and reasonable costs associated with closing of Wife's refinance. At escrow closing, the parties shall instruct the escrow officer to reduce Husband's 50% share of the net equity by 50% of the necessary and reasonable costs."

The judgment thus required wife to refinance the home and to pay husband his half of the equity, less 50 percent of the "necessary and reasonable costs" of the refinance. However, husband's equity interest in the home was not explicitly quantified in the judgment. Rather, sections 11.2 to 11.5 set out how to calculate husband's share of the net equity in the property after the parties obtained independent appraisals of the home.

After the court entered the dissolution judgment, certain circumstances made it difficult for the parties to proceed under the terms of section 11 of the judgment. First, after both parties obtained appraisals of the home, husband objected to wife's choice of appraiser and, relatedly, to that appraiser's valuation. Thus, the parties did not agree on the numbers that should be used to determine the value of the home and, because the value of the home was necessary to calculate husband's share of the net equity in the home, the parties also did not agree on the amount that constituted husband's half of the equity. Second, by September of 2022, wife had made several attempts to refinance the home but had been unable to qualify for a refinance that would allow her to pull out cash in a sufficient amount to pay husband

what she estimated to be his share of the home's equity. Thus, wife began the process of trying to sell the home.

Those circumstances, as well as other disagreements, led the parties to file competing motions to enforce the terms of the dissolution judgment, and both parties sought contempt sanctions against the other as part of their respective enforcement motions. Specifically, wife's motion requested that the court enforce the portion of the judgment that required husband to sign a deed to the family home, and husband's motion requested that the court enforce the terms that required wife to refinance the home.

Following a hearing in which both parties testified and presented evidence, the trial court entered a supplemental judgment. Within the supplemental judgment, the trial court made a number of findings. First, the trial court found that both parties agreed on the record during the hearing that husband's "net share [of the equity in the home was] $91,662.78, minus 50 percent of any necessary and reasonable closing costs associated with [wife's] refinance of the home." Second, the court found that the "underlying judgment [was] ambiguous as to [husband's] net share of the equity in the home, because at the time of the judgment, the two appraisal numbers were not known." In support of its finding that the judgment was ambiguous, the trial court also noted that "two of [wife's] witnesses testified that the judgment was ambiguous which prevented them from clearly assessing [wife's] qualifications to refinance the home, or to sell it." Thus, the trial court reasoned that the supplemental judgment was "needed to clarify this ambiguity for the parties and any professionals they seek to enlist to help carry out the terms of the judgment." Third, although the trial court did not find either wife or husband in contempt, the trial court did find that husband "willfully violated the terms of th[e] judgment by refusing to sign the deed as requested."

Within the supplemental judgment, the trial court also entered a money award "in favor of [husband], and against [wife] for [husband's] net share of the equity in the home in the uncontested amount of $91,622.78, minus 50% (percent) of any necessary and reasonable closing costs

associated with [wife's] refinance of the home." After the supplemental judgment was entered, the court administrator noted in the register that the supplemental judgment created a lien, and that husband was granted a monetary award totaling $91,662.78.

As framed by the parties, the issue on appeal is whether the trial court's decision to enter a money award in favor of husband constituted an impermissible modification to the original property division that was set out in the parties' dissolution judgment. Because the issues in this case are legal in nature, our review is for legal error. *Hurtley and Hurtley*, 292 Or App 510, 514, 425 P3d 472 (2018).

With limited exceptions, it has long been the law in Oregon that a trial court is prohibited from modifying the property division provisions of a dissolution judgment. *Anderson and Anderson*, 65 Or App 16, 19, 670 P2d 170 (1983); *Renninger and Renninger*, 82 Or App 706, 711, 730 P2d 37 (1986) (noting that a "court has inherent power to modify the property division provisions of a dissolution judgment based on fraud, *** duress or gross inequity, *** or breach of fiduciary duty" (internal citations omitted)). Although a trial court generally may not modify a property division, a court is permitted to "interpret ambiguous portions of a dissolution judgment, including the property division." *Heathman and Heathman*, 94 Or App 223, 226-27, 764 P2d 966 (1988). "A provision in a judgment is ambiguous if it is capable of more than one reasonable interpretation." *Neal and Neal*, 181 Or App 361, 365, 45 P3d 1011 (2002). However, a trial court is prohibited from "modify[ing] the property provisions of the judgment in the guise of interpreting them." *Heathman*, 94 Or App at 226. In other words, when a trial court determines that a property provision of a dissolution judgment is ambiguous, it is permitted to explain the meaning or the intent of that existing ambiguous provision, but it is not permitted to make substantive changes to the original terms of the judgment.

Here, even if the general judgment may be viewed as "ambiguous" (a point on which we are highly skeptical), the trial court's decision to enter a money judgment in favor of husband went beyond the scope of merely clarifying that

ambiguity. That is because, by entering a money award, the trial court did more than give meaning to the terms governing the process for calculating husband's share of the equity; rather, by entering the money judgment and by creating a judgment lien in favor of husband, the trial court made substantive additions to the terms of the property division that were not contemplated in the original judgment. *See Heathman*, 94 Or App at 226 n 2 (explaining that a trial court has modified a property division if it has added "additional terms or obligations to those in the original judgment"). Those substantive additions stem from the debtor-creditor relationship that arose between the parties when the trial court created the judgment lien. The creation of that new relationship constituted a substantive addition to the terms of the original judgment because it established new rights and obligations for the parties in their respective roles as a judgment creditor or debtor. *See, e.g.*, ORS 18.049 (stating that a judgment creditor is "entitled to recover the expenses specified in ORS 18.999 that are incurred by the judgment creditor in collecting on the judgment"). The debtor-creditor relationship and the rights and obligations flowing from it were not contemplated in the original dissolution judgment; thus, the trial court did not merely interpret an existing ambiguous property-division provision, but rather impermissibly added additional terms to the original judgment when it entered the money award.

In sum, the trial court erred by acting outside of its authority in granting husband a money award; the court's decision effected an impermissible modification of the property division that was set out in the original dissolution judgment. We therefore reverse the supplemental judgment and remand for further proceedings consistent with this opinion.

Reversed and remanded.