Argued and submitted June 20, reversed and remanded for further proceedings
October 12, 1983

In the Matter of the Marriage of

ANDERSON,
*Appellant,*

*and*

ANDERSON,
*Respondent.*

ANDERSON,
*Appellant,*

*v.*

ANDERSON,
*Respondent.*

(78-4771 & 16-82-02966; CA A26904 & A26905)
(Cases consolidated)

670 P2d 170

Charles G. Duncan, Eugene, argued the cause and filed the brief for appellant.

Frank E. Bocci, Eugene, waived appearance for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Husband filed an action to foreclose a mortgage on real property purportedly created by the decree dissolving the parties' marriage. He moved for summary judgment. Wife also moved for summary judgment, contending that a mortgage was not created by the provision in the decree, and moved to modify the decree. The court granted wife's motion for summary judgment, dismissed husband's foreclosure action and modified the decree. Husband appeals the final judgments in both proceedings. The cases have been consolidated on appeal.

The dissolution decree, entered in 1979, provided:

"(b)  The house of the parties at 25183 Bolton Road, Veneta, Lane County, Oregon, is hereby awarded to [wife] subject to a $19,000.00 obligation and mortgage to [husband] and payable to [husband] at 6% interest from the date of this Decree. The entire mortgage together with accrued interest at 6% per annum shall be payable to [husband] within three years from the date of this Decree."

Husband submitted an affidavit with his motion for summary judgment to the effect that the $19,000 obligation had not been paid. Wife's motion included an affidavit of the trial judge who had presided at the dissolution trial that stated in part:

"It was my intention to make as nearly equal [sic] a distribution of the equity in the real property which is the subject matter of this suit, and to provide assurance that the [husband] would receive his share of such equity. * * *

"* * * * *

"I had no intention of granting the [husband] a 'mortgage' in the legal or equitable sense that would subject the property to foreclosure with forfeiture of the entire property to the [husband] to the exclusion of the [wife] herein."

Wife asserted that the decree should be modified consistent with the intention of the trial judge who entered the decree. The court in this proceeding modified the decree as follows:

"(b)  The house of the parties at 25183 Bolton Road, Veneta, Lane County, Oregon, is hereby awarded to [wife] subject to a lien in favor of the [husband] to one-half (1/2) of the net proceeds resulting from the sale of said property,

which property shall be sold within three years from the date of this Decree."

The parties agree that the modified portion of the dissolution decree represents a division of property rather than an award of spousal or child support. Although support orders are modifiable (ORS 107.135(1)(a)), provisions in a dissolution decree relating to a division of property are invulnerable to change. *Garnett v. Garnett,* 270 Or 102, 104, 526 P2d 549 (1974); *Horesky and Horesky,* 30 Or App 941, 943-44, 569 P2d 34 (1977), *rev den* 281 Or 1 (1978). The trial court erred when it ordered a modification of the property division provisions of the dissolution decree, and we reverse that order.

The remaining question is whether the decree provided for a mortgage securing the $19,000 obligation that husband may foreclose. Husband asserts that the decree is clear on its face and created a mortgage on the property. Wife contends that the trial judge at the dissolution proceeding did not intend to create a mortgage as evidenced by his affidavit submitted in this proceeding.

A decree or judgment may be construed to determine its provisions and what was actually intended to be ordered. As in the construction of any document, the first inquiry is what the words of the instrument mean as written. If there is an ambiguity, then the court may resort to extrinsic evidence to determine the meaning or intent of the language. *Desler and Desler,* 56 Or App 812, 643 P2d 655 (1982). If there is no ambiguity, the decree or judgment must be enforced according to its terms.

Wife does not argue that the words used in the decree respecting the real property at issue are ambiguous. Her contention is that the court did not intend the result the words dictate, *i.e.,* that husband have a mortgage to secure the $19,000 obligation. There is little question that the term "mortgage" has a discrete legal meaning and creates a particular relationship. As used in the context of awarding husband $19,000 to be paid by wife, it is clear that a mortgage is created to secure timely payment of the obligation. There is no need to resort to extrinsic evidence to construe the decree.

Wife's attorney approved the decree as to form, and it was not appealed. There is no mystery as to the rights of a

mortgagor, and the potential outcome if the debt is not timely discharged is easily predictable. Foreclosure of the mortgage and loss of the property by the wife may not have been intended, but that result is readily foreseeable when a debt and mortgage are imposed in a decree. That that foreseeable result is now undesirable to wife is no basis for changing a decree or construing it contrary to its clear terms.

Order modifying decree reversed; order allowing wife's motion for summary judgment and dismissing husband's complaint reversed; remanded for further proceedings. No costs to either party.