Argued and submitted November 10, 1993, reversed and remanded with instructions
February 16, 1994

In the Matter of the Marriage of

Norma Ann BLOMQUIST,
*Respondent,*
*and*

Paul Richard BLOMQUIST,
*Appellant.*

(D85-2243; CA A76128)

868 P2d 1356

Appeal from Circuit Court, Washington County.

Gayle Nachtigal, Judge.

Paul G. Dodds argued the cause for appellant. With him on the brief was Brownstein, Rask, Sweeney, Kerr, Grim & DeSylvia.

Cordella Jo Miles argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Husband appeals from a judgment modifying spousal support. On *de novo* review, we reverse and remand.

The parties dissolved their 30-year marriage in 1987. The judgment awarded wife spousal support of $800 per month, but section 4 of the judgment called for an adjustment of spousal support at the time of husband's retirement. That section provides, in part:

"Upon [husband's] retirement at age 65 or earlier, [wife] shall be paid spousal support from [husband] on the 10th day of each month as follows: [Husband's] presently accrued monthly retirement benefit as of December 31, 1986 shall be deducted from [wife's] presently accrued monthly benefit as of December 31, 1986. The difference between the two shall be divided in half, and that amount shall be paid by [husband] to [wife] on a monthly basis after his retirement. \* \* \* By 'presently accrued monthly benefit', it is understood that that shall mean the monthly benefit that either party would receive at retirement on account of contributions and accumulations made to their respective retirement plans before the dissolution of marriage."

In 1989, when husband was 55, his employer required him to take early retirement. He continued to pay wife $800 per month in spousal support until his severance pay ended in 1990. Then, apparently attempting to apply section 4 of the judgment, he reduced his monthly support payment to $400. In 1992, wife brought this action, seeking to have husband show cause why he should not be required to pay more than $400 per month in spousal support. The trial court found that section 4 was ambiguous and could not be applied, and that the inability to use the formula and husband's early retirement constituted an unanticipated and substantial change of circumstances, justifying a modification of husband's spousal support obligation. It then entered a judgment requiring husband to pay wife $600 per month in spousal support.

Husband appeals that judgment, raising three assignments of error. First, he contends that the court erred by failing to apply section 4 of the dissolution judgment to determine the amount of spousal support owed by him on his retirement. He argues that section 4 is unambiguous and

must, therefore, be enforced as written. Wife argues that section 4 is ambiguous, and that the trial court correctly modified husband's spousal support obligation.

■■ Section 4 is a provision negotiated by the parties and incorporated into the dissolution judgment. The first inquiry is what the words of section 4 mean as written. *Anderson and Anderson*, 65 Or App 16, 19, 670 P2d 170 (1983). If that part of the judgment is unambiguous, it must be enforced according to its terms. 65 Or App at 19. The provision is unambiguous if its meaning is clear enough that it precludes doubt by a reasonable person. *See Deerfield Commodities v. Nerco, Inc.*, 72 Or App 305, 317, 696 P2d 1096, *rev den* 299 Or 314 (1985). However, it is ambiguous if it is capable of more than one reasonable interpretation. 72 Or App at 317.

■ The first clause of the first sentence of section 4 unambiguously provides that husband's spousal support obligation was to be adjusted on husband's retirement, whenever that occurred. Section 4 then provides a formula for determining husband's adjusted spousal support obligation. Determining the amount of support requires a calculation of husband's and wife's "presently accrued monthly benefit." Section 4 defines "presently accrued monthly benefit" as the monthly benefit that either party would receive *at retirement* from contributions and accumulations made to his or her retirement plan before the dissolution of the marriage.

That definition is capable of more than one sensible and reasonable interpretation. For example, husband contends that "presently accrued monthly benefit" means the benefit that either party would receive at the time of *husband's* retirement. Alternatively, it could mean the benefit that each would receive at their *respective* retirements. In that case, wife's "presently accrued monthly benefit" could not be calculated without reference to her retirement age.[1] We conclude that the definition of "presently accrued monthly benefit" is ambiguous as to wife's monthly benefit, because it does not define the retirement age to which "would

---

[1] In any event, the "presently accrued monthly benefit" could vary, depending on whether the parties received full or partial retirement benefits, which in turn depends on the age at which they retire.

receive at retirement" refers. Because that part of the judgment is ambiguous, we look to extrinsic evidence to determine the intent of the parties. *Winningstad and Winningstad*, 99 Or App 682, 685, 784 P2d 101 (1989).

The extrinsic evidence available to determine the intent of the parties is very limited. Neither husband nor wife gave testimony helpful to resolving the ambiguity found in section 4. However, the lawyer who represented wife at the dissolution proceeding testified that the parties intended to continue working until they each reached age 65. Although the extrinsic evidence is that the parties both contemplated retiring at age 65, it may not be used to vary the terms of section 4, which unambiguously contemplated that husband would retire "at age 65 or earlier." *See Deerfield Commodities v. Nerco, Inc., supra*, 72 Or App at 317. However, the extrinsic evidence may be used to resolve the ambiguity in section 4 as to wife. The parties expected that wife would work until age 65. Therefore, we construe the words "would receive at retirement," as to wife, to mean what she would receive at retirement at age 65. Although we have resolved the ambiguity in section 4 and conclude that the formula can be applied, there is insufficient evidence in the record for us to determine the amount of husband's and wife's "presently accrued monthly benefit." Therefore, we are unable to use the formula to calculate husband's adjusted spousal support obligation according to the formula and remand for the trial court to take evidence and to apply the formula.

Because the judgment expressly contemplates that husband might retire before reaching age 65, and we have found that the formula can be applied to determine his spousal support obligation, it was error for the trial court to find that section 4 "cannot be used at this time and that the inability to use the formula and [husband's] unanticipated early retirement constitute a substantial change of circumstances."

Wife's arguments do not require further discussion. Because of our disposition in this case, we need not address husband's remaining assignment of error.

Reversed and remanded for recalculation of husband's spousal support obligation. Costs, not including attorney fees, to husband.