Argued and submitted September 10, reversed and remanded for entry of a
modified dissolution judgment awarding wife transitional spousal support in
the amount of $1,500 per month for three years from the date of the original
dissolution judgment; otherwise affirmed October 15, 2008

## In the Matter of the Marriage of

Jerry Wayne BEAN,
*Petitioner-Respondent,*
*and*

Diane Marie BEAN,
*Respondent-Appellant,*
*and*

Matthew W. BEAN,
*Adult Child-Respondent.*

Washington County Circuit Court
C061104DRB; A136278

195 P3d 412

Michael R. Sahagian argued the cause and filed the brief for appellant.

David N. Hobson, Jr., argued the cause for respondent Jerry Wayne Bean. With him on the brief was Hobson & Angell, L.L.P.

No appearance for respondent Matthew W. Bean.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Wife appeals a dissolution judgment, arguing that the trial court erred in awarding too little spousal support for too short a period of time. She also argues that the trial court awarded her too small a share of husband's military retirement benefits. We conclude that, under the circumstances, a larger transitional spousal support award for a longer period of time is appropriate, but otherwise affirm.

The relevant facts are not in dispute. The parties were married in 1984. At the time, both husband and wife were in the United States Navy. Husband had entered the Navy in 1972, and wife had entered in 1983. Husband had two children from a previous marriage. The parties also had two children together.

At the time of the marriage, the parties were stationed in Hawaii. Approximately three years later, they were transferred to California. Husband was to report for duty at Oxnard, while wife was to report to Los Angeles. The parties jointly agreed, however, that wife's commute to Los Angeles was intolerable, so wife transitioned to reserve duty. Three years later, husband was transferred to Guantanamo Bay, Cuba. At that point, wife left the Navy Reserve, as there were no Reserve components in Cuba. She worked at home as the primary caretaker of the four children.

In 1994, husband retired from the Navy after 22 years of service, and the parties returned to Oregon. Husband drew retirement pay and supplemented the family income by doing consulting work. In 2005, he also worked as the Director of Operations at Embry-Riddle Aeronautical University, earning $45,000 per year.

In the meantime, wife—who has a bachelor's degree in education—began working as a substitute teacher for the Gaston and Forest Grove School Districts in 1996 and continued working on a substitute basis until 2002, when the parties decided to move to Bend. At that point, wife went back to school and obtained a master's degree in curriculum instruction. Following that, she began teaching as a substitute for the Bend/LaPine School District.

The parties initiated dissolution proceedings in 2006. By that time, husband had left his job at the university

for what he characterized as reasons of incompatibility. Since then, he has been doing consulting work and attempting to start a small sawmill company. His total monthly income—pension and employment—was $4,871 at the time of trial. Wife continued working on a substitute basis, earning $910 per month. Wife testified at trial that she was looking for full-time teaching opportunities and expected to find an opening within the next two years. She anticipated that her starting rate would be approximately $2,880.50 per month. She also testified that she could supplement her income by tutoring, earning an additional $5,000 per year.

The trial court found that husband earned $4,871 per month and that, when wife obtains full-time employment, wife will earn $3,334 per month. The court awarded wife transitional spousal support of $1,000 per month for a period of 10 months. The court also awarded wife a one-quarter share of husband's military retirement benefits, calculated by application of the "time rule" (because the parties were married for half of the time during which husband accrued retirement benefits, wife was entitled to half of a half-share, *see generally Richardson and Richardson,* 307 Or 370, 769 P2d 179 (1989)).

On appeal, wife first contends that the trial court erred in awarding a relatively small amount of transitional spousal support for a very short period of time. Wife contends that she is entitled to indefinite support. Husband contends that, in light of the parties' relatively equal earning capacity, there is no need for additional support.

ORS 107.105(1)(d)(A) authorizes a court to provide, in a dissolution judgment, an award of transitional spousal support as needed "to allow the party to prepare for reentry into the job market or for advancement therein." The statute lists a number of factors that are to be considered in determining whether to make such an a award, including the duration of the marriage, the party's training and employment skills, the party's work experience, the financial needs and resources of each party, and other factors that the court may deem just and equitable. ORS 107.105(1)(d)(A)(i) - (vii).

In this case, the parties were married for over 20 years. During that time, wife sacrificed her own employment opportunities and moved extensively to enable husband to

advance his own military career. During that time, she raised four children. Following husband's retirement, wife was able to go back to school and was able to obtain part-time employment in the teaching profession. But, at the time of trial, she had not been able to find full-time employment. She expected that she could do so in a few years, however. During that transitional period, there will continue a rather substantial earning disparity. Under the circumstances, we conclude that an award of transitional spousal support in the amount of $1,500 per month for a period of three years from the date of the original dissolution judgment is appropriate. We agree with the trial court, however, that indefinite spousal support is not appropriate in this case.

■        Wife next contends that she is entitled to a greater share of husband's military retirement benefits. Wife concedes that the trial court correctly applied the time rule in calculating her share of those benefits. She nevertheless asserts that, in light of her contributions to husband's career and her care for the parties' children, she should be awarded a larger share. At oral argument, however, wife conceded that adjustments to the spousal support award would affect her entitlement to such an adjustment in husband's retirement benefits. We conclude that the trial court correctly applied the time rule in calculating the parties' interests in the retirement benefits and that, particularly in light of our modification of the spousal support award, there is no basis for disturbing the court's division of those benefits.

Reversed and remanded for entry of a modified dissolution judgment awarding wife transitional spousal support in the amount of $1,500 per month for three years from the date of the original dissolution judgment; otherwise affirmed.