Argued and submitted December 6, 2010, judgment of dissolution modified to delete award of transitional spousal support and to award wife maintenance spousal support in the amount of $2,000 per month for 18 months, commencing November 1, 2009, and continuing through and including April 30, 2011, and $1,500 per month indefinitely thereafter; otherwise affirmed June 15, 2011

In the Matter of the Marriage of

Tracy Lynn CASSEZZA,
*Petitioner-Respondent,*

*and*

Jason Todd CASSEZZA,
*Respondent-Appellant,*

*and*

Braden Allen CASSEZZA,
*Statutory Child-Respondent.*

Washington County Circuit Court
C090670DRC; A144200

260 P3d 504

Michael R. Sahagian argued the cause and filed the brief for appellant.

Joseph W. Patterson argued the cause for respondent Tracy Lynn Cassezza. On the brief were Barbara J. Aaby and Aaby Family Law.

No appearance for respondent Braden Allen Cassezza.

Before Brewer, Chief Judge, and Edmonds, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

Husband appeals a dissolution judgment, arguing that the trial court erred in (1) awarding wife transitional spousal support for which she was ineligible by the terms of ORS 107.105(1)(d)(A); and (2) awarding wife too much maintenance spousal support for too long a period of time. Because the notice of appeal in this case was filed after the effective date of the 2009 amendments to ORS 19.415(3), we have discretion whether to review the facts *de novo*.[1] For the reasons explained below, we exercise our discretion to review *de novo*, and we modify the judgment of dissolution to delete the award of transitional support and to award wife an additional amount of maintenance support for a period of 18 months.

We begin with several undisputed foundational facts and a brief discussion of the procedural history of the case. The parties' marriage was dissolved in 2009, after 18 years. At the time of dissolution, the parties' children were 19 and 16 years old, respectively. Husband was 37 years old, and wife was 44. Husband is an engineer who earns $120,000 per year, and wife is a part-time contract worker who types transcripts for insurance companies from home. Working on a part-time basis, wife earned approximately $10,000 to $12,000 a year. Wife has a GED and some community college education. At the time of trial, wife did not intend to obtain any further education or training to assist her in advancing her employment endeavors.

---

[1] ORS 19.415(3) (2007) provided that, in equitable cases, "the Court of Appeals shall try the cause anew upon the record." That provision was amended in 2009, making *de novo* review discretionary in cases where the notice of appeal was filed after June 4, 2009. *See* Or Laws 2009, ch 231, §§ 2, 3. Here, appellant's notice of appeal was filed after the effective date of those amendments. ORS 19.415(3) now provides, in part:

"Upon an appeal in an equitable action or proceeding, review by the Court of Appeals shall be as follows:

"* * * * *

"(b) Upon an appeal in an equitable action or proceeding other than an appeal from a judgment in a proceeding for the termination of parental rights, the Court of Appeals, acting in its sole discretion, may try the cause anew upon the record or make one or more factual findings anew upon the record."

Wife has health problems, the extent of which is at the root of the parties' dispute in this case. There was no expert testimony regarding wife's health, but she testified that she was unable to maintain full-time employment outside the home due to an anxiety disorder and agoraphobia. In addition to those conditions, wife also testified that she suffers from fibromyalgia and a meniscus tear in her hip, which at times makes it difficult for her even to get out of bed. Husband expressed skepticism about the extent to which wife's health problems were truly limiting, pointing out that wife had posted information online indicating that she enjoys physical exercise and outdoor activities that suggest a vigorous and active lifestyle.

The trial court divided the parties' few assets and significant debts, and neither party has challenged that division on appeal. In addition, husband received custody of the parties' 16-year-old daughter, and wife was ordered to pay child support under the child support guidelines.[2] Likewise, wife does not challenge those matters. As noted, husband's sole challenge is to the spousal support award that the court made. In that regard, the court awarded wife indefinite maintenance support in the amount of $1,500 per month, and it also awarded wife, as an initial supplement to the maintenance award, what it characterized as transitional spousal support in the amount of $500 per month for a period of 18 months.

The trial court explained its spousal support award as follows:

"I am going to award spousal support and I'm going to order that it be on an unlimited basis because this is a long term marriage. Husband has done extremely well thanks to his own very, very hard efforts.

"* * * * *

"The maintenance amount is going to be at $1,500 per month. And I also believe that there needs to be a transitional amount as well, because wife needs to get herself involved in a pain clinic. She needs to start taking charge of

---

[2] The parties' older child was not attending school, and no support award was entered on his behalf.

her life in a more direct way. But she needs to have some time to get that accomplished. And we also have to recognize the economy is not what it needs to be in order for her to get all the things she needs accomplished as well. So I'm going to order 18 months of transitional spousal support at $500 per month. That's going to put a real hurt on husband for a while, sorry. But she's got to do what she needs to do in order to get insurance and a variety of other things. And hopefully at the close of this time, she'll be able to maybe get herself a real job where she can get herself insurance that sort of thing."

We begin with husband's challenge to the transitional support award. *Hook and Hook*, 238 Or App 172, 182, 242 P3d 697 (2010) ("We begin with the transitional support award, because it addresses wife's most pressing short-term needs and, thus, sets the table for consideration of the other, more durable, components of the spousal support award."). ORS 107.105(1)(d)(A) authorizes a court to provide, in a dissolution judgment, an award of transitional spousal support as needed "for a party to attain education and training necessary to allow the party to prepare for reentry into the job market or for advancement therein." The statute lists a number of factors that are to be considered in determining whether to make such an award, including the duration of the marriage, the party's training and employment skills, the party's work experience, the financial needs and resources of each party, and other factors that the court may deem just and equitable. ORS 107.105(1)(d)(A)(i) - (vii). Husband asserts that the trial court erred as a matter of law in concluding that wife was entitled to an award of transitional support because she had no intention to attain education or training that would allow her to prepare for reentry into the job market or career advancement. Husband's argument is well taken.

Transitional support is typically awarded when one spouse has been out of the workforce for an extended period of time and needs education or on-the-job training to prepare for reentry into the job market. *Quant and Carrier*, 234 Or App 336, 341, 227 P3d 832, *rev den*, 348 Or 621 (2010); *English and English*, 223 Or App 196, 209, 194 P3d 887 (2008). That is so because the wording of the statute limits

the purposes for which transitional support may be awarded to those "needed for a party to attain education and training" for job market reentry or advancement. As noted, wife did not intend to attain such education or training. Although the trial court believed that pain management treatment might allow wife to "start taking charge of her life in a more direct way," that is not the kind of support contemplated by the transitional support statute. In circumstances like this, a party's health-related needs are taken into account in an award of maintenance spousal support. *See* ORS 107.105(1)(d)(C)(iii); *see also Roppe and Roppe*, 186 Or App 632, 635 n 4, 64 P3d 1145 (2003) ("Although husband refers to 'transitional support' once in his brief, we do not understand him to argue that support is 'needed for [wife] to attain education and training necessary to allow [her] to prepare for reentry into the job market or for advancement therein.' *See* ORS 107.105(1)(d)(A) (stating the purpose of transitional support). Rather, we understand him to argue that a specified period of maintenance support is needed so that wife can become financially independent and self-supporting." (Brackets in *Roppe*.)).

Wife argues that we failed to read ORS 107.105(1)(d)(A) so "narrowly" in our earlier decisions in *Bean and Bean*, 223 Or App 108, 195 P3d 412 (2008), and *Branscomb and Branscomb*, 201 Or App 188, 117 P3d 1051, *rev den*, 339 Or 544 (2005). However, those cases are not dispositive of the issue at hand. In *Bean*, in upholding and, indeed, enhancing an award of transitional support, our opinion did not discuss whether the wife needed additional job-related education or training. The parties did not square off over the propriety of an award of transitional support; rather, the wife's appeal focused on whether the court had erred in determining the duration of the award. *Bean*, 223 Or App at 111-12. In *Branscomb*, we expressly observed that "[t]he parties do not dispute that wife satisfied the threshold requirement for transitional spousal support. *See Gibbons and Gibbons*, 194 Or App 257, 266, 94 P3d 879 (2004) (addressing threshold showing)." 201 Or App at 204. In *Gibbons*, we described that threshold showing as the need " 'for a party to attain education and training necessary to allow the party to prepare for reentry into the job market or

for advancement therein.' ORS 107.105(1)(d)(A)." 194 Or App at 266. Accordingly, as was the circumstance in *Bean*, the wife's entitlement to an award of transitional spousal support was not disputed in *Branscomb*. It follows that those cases do not undercut our analysis here.

In short, we conclude that the trial court erred in labeling any portion of the spousal support award in this case as transitional support in the absence of evidence that wife intended to attain education and training necessary to allow her to prepare for reentry into the job market or for advancement therein.

Wife asserts that, if we determine that transitional support is not warranted, we should reclassify the transitional support award as maintenance support, which would step down after the initial 18-month period. We note that wife failed to cross-appeal on the ground that, even if the trial court erroneously classified a portion of the spousal support award as transitional support, the overall spousal support award was nonetheless appropriate.[3] However, as we have concluded, the trial court erred in making a transitional support award in this case. In addition, husband has challenged the indefinite maintenance support award that the trial court made. In view of those circumstances, even though wife has failed to perfect a cross-appeal, it behooves us to exercise *de novo* review with respect to the amount and duration of the maintenance spousal support award, so as to properly evaluate whether that award is just and equitable. *See Harris and Harris*, 349 Or 393, 416, 244 P3d 801 (2010) ("[The] categories of spousal support are interrelated, and they also are cabined by the statutory directive to set the total spousal support award at 'an amount of money for a period of time as may be just and equitable for one party to contribute to the other.' ORS 107.105(1)(d). Consequently, we conclude that the amounts of spousal support awarded under each of the spousal support categories are relevant considerations in determining the overall just and equitable amount

---

[3] *Cf. Austin and Austin*, 191 Or App 307, 322 n 3, 82 P3d 170 (2003) ("Although, in view of our holding, it is not necessary to address wife's cross-assignment of error regarding the classification of spousal support, we note that the assignment of error would require the modification of the 'judgment on appeal,' ORAP 5.57(2)(a), and, accordingly, required a cross-appeal.").

of spousal support to award."). Accordingly, we consider wife's argument jointly with husband's challenge to the trial court's award of indefinite maintenance spousal support.

The lodestar of a court's charge is to make a spousal support award that is "just and equitable," ORS 107.105(1)(d), and the ultimate decision concerning the amount and duration of a maintenance spousal support award is a discretionary one. *Potts and Potts*, 217 Or App 581, 586 n 3, 176 P3d 1282 (2008). Factors relevant to the amount and duration of an award of maintenance support include the duration of the marriage; the ages of the parties; the physical and emotional health of the parties; the standard of living established during the marriage; the parties' relative incomes and earning capacities; the parties' training, employment skills, and work experience; their financial resources and needs; and the tax consequences of an award. ORS 107.105(l)(d)(C). In this case, despite husband's skepticism, the trial court found wife's testimony concerning the extent and severity of her health problems to be credible and persuasive. In particular, the court stated:

> "I am convinced that wife is physically [affected]. I've had an opportunity to observe her. And it appeared that she was somebody who had, from the court's perspective, someone who's suffered from long term genuine pain and she walks in a—she has a funny gait to her walk which I don't believe was [affected] for the court's purposes."

In addition, the court found:

> "Well, my finding included of course the fact that she's been out of the work force effectively for a significant period of time and husband and she will never have equivalent incomes. The money she is earning and the money she is prospectively going to earn is not going to be enough to support herself."

Because those findings involved credibility determinations, we give them considerable weight, even on *de novo* review. *See* ORAP 5.40(8)(d)(i).

Although wife was relatively young at the time of trial, the most prominent factors for consideration in setting the amount and duration of the overall spousal support award based on the record in this case were the duration of

the parties' marriage, wife's chronic poor health—which significantly impaired her earning capacity—and husband's own substantial earning capacity. Although the record was less than fully developed in a number of respects, we find on *de novo* review that indefinite maintenance spousal support in the amount of $1,500 per month is just and equitable in the circumstances of this case. Moreover, given the credibility findings that the trial court made regarding wife's health problems, we also find that an additional limited duration award of maintenance spousal support in the amount of $500 per month for a period of 18 months is just and equitable, in order to allow wife to seek the earliest possible assistance with the management of her chronic pain problems.

Judgment of dissolution modified to delete award of transitional spousal support and to award wife maintenance spousal support in the amount of $2,000 per month for 18 months, commencing November 1, 2009, and continuing through and including April 30, 2011, and $1,500 per month indefinitely thereafter; otherwise affirmed.