Submitted July 11, award of spousal support reversed and remanded; otherwise affirmed August 14, 2013

In the Matter of the Marriage of

Desiree Florina RODRIGUES,
*Petitioner-Appellant,*
*and*

Nathan Andrew GERHARDS,
*Respondent-Respondent.*

Marion County Circuit Court
10C30533; A148670

309 P3d 160

R. Grant Cook and Lafky & Lafky filed the brief for appellant.

No appearance for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Wife appeals from a dissolution judgment, challenging the trial court's award of spousal support.[1] The trial court awarded wife transitional spousal support in the amount of $1,500 per month for 36 months, then $1,000 per month for 24 months. Wife contends that the court erred in failing to award *indefinite* spousal support of $1,500 per month. We conclude that, under the circumstances, the trial court erred in failing to consider an award to wife of maintenance spousal support under ORS 107.105(1)(d)(C). We therefore reverse and remand the award of spousal support; otherwise we affirm.

The following undisputed facts, taken from the trial court's findings and the record, suffice to explain our conclusion. Husband and wife were married in 2000 and their marriage was dissolved in 2011, when husband was 37 and wife was 32. Wife was diagnosed with rheumatoid arthritis during the marriage, and, at the time of trial, she had been determined to be disabled by the Social Security Administration and was receiving supplemental security income. Husband was employed as a polysomnographic technician with Kaiser Permanente; he earned approximately $55,000 annually. At trial, wife requested temporary support of $2,000 per month and $1,500 per month indefinitely. She testified that she would like to get an education and a job, but, in order to do that, she needed medication that did not yet exist. The trial court acknowledged that "there may never be" medication that would allow her to do that, but, nonetheless, declined to award indefinite support "because the best thing you guys need to do is get apart from each other but try to do it relatively equitably." The court subsequently entered a judgment awarding wife transitional spousal support of $1,500 per month for 36 months and $1,000 per month for 24 months thereafter based on the following factors: "(a) ten year marriage; (b) [w]ife's health issues and the anticipation she will be able to get some education and work."

Although we appreciate the difficulty that the trial court faced in devising an equitable support award given the

---

[1] Husband does not appear on appeal.

limited resources of the parties and wife's serious illness, we conclude that the record simply does not support the trial court's award of transitional rather than maintenance spousal support. As we explained in *Cassezza and Cassezza*, 243 Or App 400, 404-05, 260 P3d 504 (2011), "the wording of [ORS 107.105(1)(d)(A)] limits the purposes for which transitional support may be awarded to those 'needed for a party to attain education and training' for job market reentry or advancement." (Quoting ORS 107.105(1)(d)(A).) Here, as the trial court acknowledged, given wife's disability, there is little likelihood that wife will be able to attain education or training that will, in turn, enable her to work in the future. Accordingly, the trial court erred in not evaluating wife's need for maintenance support under ORS 107.105(1)(d)(C), which requires consideration of, among other factors, the duration of the marriage, the parties' ages and physical health, the relative income and earning capacity of the parties, and their financial needs and resources. We reverse and remand for the trial court to reconsider the spousal support award under that construct.

Award of spousal support reversed and remanded; otherwise affirmed.