Submitted January 3, 2019; in Case No. 10C30533, 2017 supplemental judgment reversed, in Case No. 15CN03248, contempt judgment reversed and remanded April 29, 2020

In the Matter of the Marriage of

Desiree Florina RODRIGUES,
*Petitioner-Appellant,*
*and*

Nathan Andrew GERHARDS,
*Respondent-Respondent.*

Marion County Circuit Court
10C30533; A164926 (Control)

Desiree Florina RODRIGUES,
*Petitioner-Appellant,*
*and*

Nathan Andrew GERHARDS,
*Respondent-Respondent.*

Marion County Circuit Court
15CN03248; A164928

466 P3d 1016

Wife appeals from a contempt judgment and a supplemental judgment in these consolidated cases. The only question presented is whether the parties' 2011 general judgment of dissolution controls husband's support obligations or whether a 2013 supplemental judgment controls them. The 2013 supplemental judgment reduced husband's transitional spousal support and life insurance obligations, but, upon remand from the Court of Appeals in 2014, *Rodrigues and Gerhards*, 258 Or App 199, 309 P3d 160 (2013), the trial court appeared to reinstate the terms of the 2011 judgment in a 2014 supplemental judgment. When husband failed to abide that judgment, wife pursued this contempt action. The trial court interpreted the 2014 supplemental judgment as reinstating the 2013 supplemental judgment, and it held husband in contempt only for failing to obtain life insurance sufficient to cover his obligation under that judgment. It entered another supplemental judgment in 2017 to clarify husband's obligations. Wife appeals the 2017 supplemental judgment and the contempt judgment, assigning error to the trial court's calculation of husband's support arrearage and its determination of his life insurance obligations. *Held*: The trial court erred when it interpreted the 2014 supplemental judgment as requiring husband to abide by the terms of the 2013 supplemental judgment. The 2014 supplemental judgment unambiguously reinstated the terms of the 2011 general judgment. Accordingly, the trial court miscalculated husband's support arrearage and life insurance obligations.

In Case No. 10C30533, 2017 supplemental judgment reversed. In Case No. 15CN03248, contempt judgment reversed and remanded.

Sean E. Armstrong, Judge.

R. Grant Cook and Lafky & Lafky filed the brief for appellant.

No appearance for respondent.

Before Aoyagi, Presiding Judge, and Egan, Chief Judge, and Mooney, Judge.

MOONEY, J.

In Case No. 10C30533, 2017 supplemental judgment reversed. In Case No. 15CN03248, contempt judgment reversed and remanded.

Aoyagi, P. J., dissenting.

**MOONEY, J.**

Wife appeals from the judgment of contempt and the related supplemental judgment in these consolidated cases, challenging the trial court's calculation of husband's spousal support obligation and its conclusion that husband was not in contempt with respect to that obligation. Wife first argues that the trial court erred in 2017 when it interpreted its 2014 supplemental judgment as not reinstating the support amounts awarded in 2011. She argues that that incorrect interpretation amounted to an unauthorized modification of spousal support that led to an incorrect calculation of husband's support arrearage and life insurance obligation. We conclude that the 2014 supplemental judgment unambiguously awarded transitional support to wife upon the same terms set forth in the April 25, 2011, general judgment of dissolution. We, therefore, reverse the 2017 supplemental judgment and reverse and remand the contempt judgment.

The amount of husband's spousal support obligation is key to determining his compliance with that obligation in the context of this remedial contempt proceeding. The standard of proof in a contempt proceeding is by clear and convincing evidence. ORS 33.055(11). A contempt proceeding is legal in nature and our review is for any evidence to support the trial court's findings. *Niman and Niman*, 206 Or App 259, 278, 136 P3d 105 (2006); *Polygon Northwest v. NSP Development, Inc.*, 194 Or App 661, 670, 96 P3d 837 (2004). Resolution of this appeal turns on the trial court's interpretation of its March 25, 2014, supplemental judgment, which we review for legal error. *Tucker and Tucker*, 293 Or App 398, 402, 428 P3d 945 (2018) (citing *Neal and Neal*, 181 Or App 361, 365, 45 P3d 1011 (2002)).

Wife initiated this contempt proceeding on November 4, 2015, when she filed her motion and order to show cause seeking, among other things, (1) compensation for her losses in the amount of the total spousal support obligation ($78,000) minus any payments made and (2) reconsideration of the "amount and duration" of the spousal support award in light of our opinion issued on the first appeal filed in this case, *Rodrigues and Gerhards*, 258 Or App 199, 309

P3d 160 (2013).[1] In that opinion, we reversed the trial court's award of transitional spousal support and remanded with direction to consider an award of maintenance support to wife.[2] *Id.* at 201. On remand, the trial court concluded that "[w]ife shall not receive an award of maintenance spousal support and the General Judgment and Money Award of April 25, 2011, attached hereto as Exhibit 2 is reaffirmed." It is the trial court's interpretation in 2017 of that supplemental judgment that is at the core of this appeal.

These consolidated cases are not particularly novel insofar as they reflect continued financial discord between former spouses. But, there have been somewhat complex procedural turns over the 10-year history of the dissolution case that we describe to provide context and as it is relevant to the question before us. The parties were divorced by entry of a general judgment of dissolution of marriage on April 25, 2011 (the 2011 judgment). Husband was ordered to pay wife transitional spousal support for five years in decreasing monthly payment amounts ($1,500 per month for 36 months and then $1,000 per month for 24 months), totaling $78,000. Wife appealed that judgment and challenged the award of transitional spousal support, arguing that the court erred in not awarding her indefinite maintenance support.

In December 2011, while wife's first appeal was pending, husband filed a motion to modify his spousal support obligation because he had lost his job. In December 2012, the trial court held a hearing on that motion and, in May 2013, entered a supplemental judgement significantly reducing husband's overall support obligation (the 2013 supplemental judgment). Wife's untimely notice of appeal as to the 2013 supplemental judgment was dismissed.

On August 14, 2013, our appellate judgment was entered reversing and remanding the award of transitional

---

[1] Husband does not appear on this appeal.

[2] The trial court's task on remand was not, as the dissent suggests, to "decide whether it had made a mistake in 2011." 303 Or App at 780 (Aoyagi, P. J., dissenting). We made that decision when we reversed the court's award of transitional spousal support. Our direction on remand was to consider awarding wife maintenance spousal support. *See Rodrigues*, 258 Or App at 201 (remanding because "the trial court erred in not evaluating wife's need for maintenance support under ORS 107.105(1)(d)(C)").

spousal support and otherwise affirming the 2011 judgment of dissolution. *Rodrigues*, 258 Or App at 201. Concluding that the record did not support the award of transitional support, we held that the trial court erred in failing to consider an award to wife of maintenance spousal support, and we reversed and remanded to consider an award of maintenance support under ORS 107.105(1)(d)(C). *Id.* at 200. In August 2013, wife filed a motion to set aside the 2013 supplemental judgment that had reduced husband's support obligations, arguing that our opinion published two days earlier had effectively voided it. That motion was denied with leave to later refile.[3]

In February 2014, the trial court issued a letter opinion that memorialized its review of the record on remand, made findings, and concluded that maintenance support was not appropriate. In the letter opinion, the court "reaffirmed" the 2011 award of transitional support as "sufficient to enable wife to receive training or education" to manage her disabilities with the ultimate goal of "reintegration in the workplace." In March 2014, a supplemental judgment (the 2014 supplemental judgment) was entered that attached (1) a copy of the February 2014 letter opinion as Exhibit 1, expressly incorporating its findings of fact and (2) the April 2011 general judgment as Exhibit 2 expressly reaffirming that judgment. It did not reference the 2013 supplemental judgment. We express no opinion whether the trial court misconstrued the scope of our remand when it reinstated the transitional support award that we had concluded the record could not support.

Wife filed this contempt proceeding in November 2015, seeking enforcement of husband's spousal support obligation under the terms of the 2011 judgment of dissolution. She also requested reconsideration of the amount and duration of husband's support obligation in light of our 2013 opinion and her disabilities. A hearing was held, and the trial court recalculated husband's support obligations

---

[3] The order contained hand-written language permitting the motion to be reasserted "if opinion on underlying divorce changes as a result of Judge Hart's review." The order was signed by Judge Armstrong. Judge Hart signed the 2011 judgment, but the record does not reflect further review by him.

based on the 2013 supplemental judgment. A general judgment of contempt was entered against husband on April 18, 2017, ordering him to obtain life insurance in the amount of $25,000 to cover his support obligation to wife. On that same day, the court entered a supplemental judgment in the dissolution case clarifying that it had not been the court's intent in March 2014 to revert to the support terms of the 2011 judgment. Instead, the court calculated support according to the 2013 supplemental judgment, reducing the total amount of support and related insurance obligations. Those are the judgments on appeal.

Wife argues that the trial court abused its discretion when, in the 2017 supplemental judgment, it retroactively modified the 2014 judgment. As an initial matter, we reject wife's argument that the court abused its discretion when it sought to "correct" a three-year-old judgment under ORCP 71 C, because the record does not reflect that the court proceeded under ORCP 71 C when it entered its 2017 supplemental judgment. The language of the 2017 supplemental judgment makes clear that the court was interpreting, rather than correcting, the previous judgments to determine husband's support obligations as it considered those in the contempt proceeding. Neither party moved to correct the judgment, and the court did not make the findings required by ORCP 71 C[4] to do so on its own motion.

Whether the trial court properly calculated husband's support obligation and whether it correctly held him in contempt for failing to have life insurance adequate to cover his obligation depends upon what terms the 2014 supplemental judgment established for support on remand from this court. To determine husband's support obligation, we

---

[4] Although courts have the inherent authority to reopen judgments under ORCP 71 C, "generally the court's exercise of its inherent authority has been limited to making technical amendments, *Palmateer v. Homestead Development Corp.*, [67 Or App 678, 680 P2d 695 (1984)], *** to correcting errors of the court, *Stevenson v. U.S. National Bank*, 296 Or 495, 677 P2d 696 (1984), or to situations in which 'extraordinary circumstances' are present. *Vinson and Vinson*, 57 Or App 355, 644 P2d 635, *rev den*[,] 293 Or 456 (1982)." *Condliff v. Priest*, 82 Or App 115, 118, 727 P2d 175 (1986). We have not found evidence in the record indicating that the trial court issued the 2017 supplemental judgment to make a technical amendment, correct an error, or because it found that extraordinary circumstances justified issuing the judgment.

thus look to the 2014 supplemental judgment itself. Because the parties did not stipulate to it, our goal is to give effect to the trial court's intent. *Bennett v. Bennett*, 208 Or 524, 528, 302 P2d 1019 (1956). If the judgment is unambiguous, subject to only one reasonable interpretation, we simply look to the text of the judgment to determine its meaning. *Tough and Tough*, 259 Or App 265, 270, 313 P3d 326 (2013). Text is unambiguous "if its meaning is clear enough that it precludes doubt by a reasonable person." *Blomquist and Blomquist*, 126 Or App 319, 322, 868 P2d 1356 (1994). If a judgment is unambiguous, it is enforced by its clear terms. *Anderson and Anderson*, 65 Or App 16, 19, 670 P2d 170 (1983).

With those interpretive principles in mind, we turn to the 2014 supplemental judgment to determine whether its text is unambiguous:

> "THIS MATTER came before the court on remand from the Court of Appeals. The court adopts the findings of fact as contained in the opinion letter of February 5, 2014. Exhibit 1.

> "NOW THEREFORE, it is adjudged that Wife shall not receive an award of maintenance spousal support and the General Judgment and Money Award of April 25, 2011, attached hereto as Exhibit 2 is reaffirmed."

The exhibits referred to in the judgment were, in fact, attached to the judgment, as permitted by ORS 18.038(3). It is clear from the language of the supplemental judgment that the attachments are intended to be part of the judgment. In fact, without the attachments, the single page judgment quoted above says nothing of substance. By adopting the factual findings in Exhibit 1, the trial court provided the reasons for the supplemental judgment and, by reaffirming the 2011 judgment, the court reinstated the terms of that judgment.

To determine what terms of support were intended by the trial court in 2014, we look to the factual findings in Exhibit 1, because they supply part of the text of the supplemental judgment. The trial court included those findings because they formed the basis of its judgment upon remand. As we explain below, when the supplemental judgment and

its exhibits are read together as one document—as they must be—the language unambiguously and affirmatively establishes transitional spousal support in the 2011 payment amounts.

The 2014 letter opinion begins by stating that the case was before the trial court on remand from the Court of Appeals to consider the relative appropriateness of an award of maintenance versus transitional spousal support. It acknowledged the facts upon which the court had originally based an award of transitional support in 2011 ("at trial") and that it had reviewed "the trial testimony."[5] It goes on to assess wife's credibility and list the facts and conclusions of law "that I make." The findings mix present tense ("that I make") with references to the past (*i.e.*, "at trial" or "at the time of divorce"), which reflects a present-day analysis of spousal support by the court in 2014. And, importantly, the language contained in the final paragraph of Exhibit 1 includes a finding that the level of transitional spousal support awarded in 2011 "is sufficient" to allow wife to get training and reenter the workforce. That present tense, declarative finding makes clear that the trial court concluded in 2014 that the monthly payment amounts awarded in 2011 continued to be sufficient to fulfill the purpose of support. The court's decision to "reaffirm" the original terms of support also makes sense given that the five-year period of support payments originally ordered had still not run its course.

In her argument to the trial court in 2017, wife confirmed her belief that the 2014 supplemental judgment "trump[ed] the [2013] supplemental judgment modifying the general judgment." The 2014 supplemental judgment and attached 2014 letter opinion do not mention or refer to the 2013 judgment. But, the fact that the 2014 supplemental judgment is silent as to the 2013 supplemental judgment does not make the 2014 judgment ambiguous. And the trial court's retrospective attempt in 2017 to insert several references to the 2013 supplemental judgment into the 2014

---

[5] The judge who conducted the trial in 2011 was not the same judge who heard the matter on remand from this court in 2014. The record before us does not include the transcript from the 2011 trial even though the court reviewed the 2011 trial testimony on remand in 2014.

supplemental judgment does not make it ambiguous either. Exhibit 1 to the 2014 supplemental judgment sets forth the trial court's conclusion on remand that wife was not entitled to maintenance support, and that "[t]he original award of transitional spousal support in the amount of $1,500 for 36 months, followed by $1,000 for 24 months, is sufficient[.]" Exhibit 2 includes the exact same information about the terms of spousal support. And, there is nothing about the 2014 supplemental judgment that would have alerted a reasonable person that it was subject to the terms of the earlier 2013 supplemental judgment.

Given that the 2014 supplemental judgment unambiguously refers to and reinstates the spousal support terms of the 2011 general judgment, we conclude that the trial court erred when, in 2017, it ruled: "The Supplemental Judgment of March 26, 2014 does not revert Respondent's transitional spousal support obligation to the amounts ordered in the General Judgment of Dissolution of April 25, 2011[.]" That reading of the 2014 supplemental judgment cannot be squared with its plain text. The trial court's belief in 2017 about what it intended in 2014 is not relevant because the text of the 2014 supplemental judgment itself unambiguously reinstated the 2011 judgment terms.

Because the trial court erred in its interpretation of the 2014 supplemental judgment, it also erred in calculating husband's support arrearage and, further, in its conclusions about his compliance with his support and life insurance obligations. The 2014 supplemental judgment required husband to pay spousal support pursuant to the terms of the 2011 judgment. We reverse the 2017 supplemental judgment and we reverse and remand the contempt judgment, with direction to try the contempt case anew.[6]

In Case No. 10C30533, 2017 supplemental judgment reversed. In Case No. 15CN03248, contempt judgment reversed and remanded.

---

[6] Nothing in this opinion should be construed to prevent either party from moving for a modification of spousal support obligations. But, unless and until that occurs, the 2014 supplemental judgment, as interpreted above, controls husband's obligations to pay wife and to obtain a life insurance policy sufficient to cover those obligations.

**AOYAGI, J.,** dissenting.

This dissolution case involves four trial court judgments: the original 2011 judgment awarding spousal support to wife, a 2013 supplemental judgment reducing the amount of spousal support due to changed circumstances, a 2014 supplemental judgment "reaffirming" the 2011 support award, and a 2017 supplemental judgment interpreting the 2014 judgment. In this appeal of the 2017 judgment, we are faced with a single question: Did the trial court err as a matter of law when it interpreted the 2014 judgment as having reaffirmed the 2011 spousal support award while leaving in place the 2013 modification? The majority concludes that the trial court erred, but I disagree and would affirm.

The interpretative task before us is no doubt complicated by the trial court's failure to mention the 2013 modification in the 2014 remand judgment. Indeed, had the trial court addressed the former in the latter, we likely would have no task to perform at all. Here we are, however, and we must discern the trial court's intent in 2014 as best we can from the language of the 2014 remand judgment in the context in which it was drafted, keeping in mind that it is a nonstipulated judgment. *See Cross and Cross*, 55 Or App 422, 426, 637 P2d 1386 (1981) (if a judgment is susceptible to more than one interpretation, the "determinative factor" is "the intention of the court as gathered from all parts of the judgment," which requires "examining the facts and circumstances before the judge who entered the decree"); *but see also Winningstad and Winningstad*, 99 Or App 682, 685 n 2, 784 P2d 101 (1989) (disavowing the rule in *Cross* as to *stipulated* judgments).[1]

After conducting that analysis, I am convinced that, although the 2014 remand judgment is silent on its face as to its intended effect on the 2013 modification judgment, the 2014 remand judgment as a whole and the circumstances in which it was drafted ultimately compel the

---

[1] It is important to note that the only issue before us is the meaning of the 2014 remand judgment, *i.e.*, the trial court's intent when it entered that nonstipulated judgment. Wife has not argued—in the 2017 trial court proceedings or on appeal—that our 2013 appellate decision regarding the 2011 judgment voided the 2013 modification judgment *regardless* of the trial court's intent. As such, the majority appropriately does not consider that issue, nor do I.

conclusion that the trial court did *not* intend to supersede the 2013 modification judgment. Three points lead me to that conclusion.

*First*, the remand proceedings were very limited. It is apparent from the record, particularly the trial court's letter opinion, that the trial court understood its task on remand to be to decide whether it had made a mistake in 2011 when it awarded transitional support to wife instead of maintenance support. That may or may not have been what we intended when we issued our appellate opinion, but that is plainly what the court understood its task to be. The majority's brushing aside of the trial court's own view of its task on remand, *see* 303 Or App at 773 n 2, is inconsistent with the applicable legal principles for interpreting a non-stipulated judgment, which require us to discern the *trial court's* intent. *Cross*, 55 Or App at 426. If the trial court acted inappropriately on remand, the way to raise that would have been to appeal the 2014 remand judgment. No one did, however, and all that matters at this point, for purposes of interpreting the 2014 remand judgment, is what the *trial court* intended when it drafted the judgment.

With that in mind, again, the trial court understood its task on remand to be to decide whether it had made a mistake in 2011 when it awarded transitional support to wife instead of maintenance support. To answer that question, the trial court reviewed the 2011 trial transcript and made findings and conclusions regarding the type of support. It ultimately concluded that transitional support was the correct type of award, explaining that the "original award of transitional support in the amount of $1,500 for 36 months, followed by $1,000 per month for 24 months, is sufficient to enable wife to receive training or education in managing her disability with the goal of reintegration into the workplace so that she may seek employment that can be performed within her limitations with the ultimate goal of becoming self-supporting."[2]

---

[2] That statement is consistent with the 2011 judgment, in which the trial court considered only two factors in setting spousal support, one of which was "[w]ife's health issues and the anticipation she will be able to get some education and work."

The majority relies on the present tense phrasing of "is sufficient" in the foregoing sentence as indicating that the trial court was referring to the amount of support sufficient in 2014. 303 Or App at 777. I disagree. The appropriate verb tense to use during appellate review or on remand from appellate review may be susceptible to debate, but, here, it appears that the court was simply trying to speak from the perspective of 2011. The trial court was reviewing the 2011 evidence, so it logically follows that it was talking about sufficiency in 2011. Indeed, it would make no sense for the trial court to decide what was "just and equitable" in 2014 based solely on a 2011 record, as the majority believes that it did. *See id.* at 778. In the remand proceeding, the trial court was necessarily putting itself back into the position of 2011. That conclusion is supported both by what the trial court said and by common sense.

*Second*, the use of the word "reaffirm" is telling. The trial court viewed its task on remand as being to reconsider what it had done in 2011—and only 2011. Indeed, before it issued the remand judgment, the trial court had made clear to wife that the 2013 modification judgment would stand absent a "change" to the 2011 award. As soon as the case was remanded, wife had moved to set aside the 2013 modification judgment in light of the 2013 appellate judgment. The trial court expressly *denied* that motion, with leave to re-file only "if [the] opinion on underlying divorce *changes* as a result of Judge Hart's review." (Emphasis added.) *See* 303 Or App 774 n 3 (acknowledging the denial of wife's motion).

With that context in mind, I interpret "reaffirmed" in the 2014 remand judgment to mean that the trial court has determined that the 2011 award was correct based on the 2011 record, and nothing more. In other words, the trial court is using "reaffirmed" much as we use "affirmed" in the appellate context. By saying "reaffirmed," the court is also communicating to wife that nothing has changed, such that the stated condition for refiling her motion to set aside the 2013 modification judgment has not occurred. The latter is a critical point. I do not see how the majority can conclude that the trial court intended to set aside the 2013 modification judgment when it "reaffirmed" the 2011 award, given that it had expressly denied wife's motion to set aside the

2013 modification judgment and notified her that it would only reconsider setting it aside if it *changed* the 2011 award.

        *Third*, the 2013 modification judgment was entered for a reason. Both parties had experienced substantial changes in circumstances between 2011 and 2013—wife's physical condition had improved, while husband's income had declined—such that the court deemed it just and equitable to order a significant reduction in the amount of spousal support.[3] *See Davis and Lallement*, 287 Or App 323, 327-28, 401 P3d 1230 (2017) (in modifying spousal support due to a change in circumstances, the trial court "must determine what amount of support is just and equitable under the totality of the circumstances" (internal quotation marks omitted)). The trial court had no information in 2014 to suggest that the parties' circumstances had *reverted* to what they were in 2011, such that it would be just and equitable to revert to the original support amount. The court would not have limited its review to the 2011 record if it intended to reconsider the 2013 modification as well.

        For all of those reasons, the correct result in my view is to conclude that the trial court *did* intend the 2013 modification judgment to remain in effect after entry of the 2014 remand judgment. It understood its task on remand to be to review the 2011 record to determine whether it should have awarded maintenance support in 2011, it expressly refused wife's request to set aside the 2013 modification judgment until and unless it "change[d]" the 2011 award, and it ultimately did not change the 2011 award. In that context, I interpret the "reaffirmed" language in the 2014 judgment in the same manner that the trial court did in 2017. It follows that the trial court did not err in 2017 when it calculated the support arrearage as it did.

        I would affirm and, therefore, respectfully dissent.

---

[3] In the 2013 judgment, support was reduced to $750 per month for most of the year 2011, $500 per month for most of the year 2012, and $250 per month for most of the year 2013, with support terminating on January 1, 2014.